UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN LEE DIXIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:12-CV-00278 |
| | ) |
| JAMES SEAY, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a request for appointment of counsel (Docket # 5) filed by *pro se* Plaintiff Kevin Dixie in this case alleging various civil rights violations by Defendants. In response to his motion, the Court instructed Dixie to submit a Questionnaire for Appointment of Counsel (Docket # 7), which included the requirement that Dixie provide the names of at least three attorneys he contacted and the reasons they refused to take his case.

"When a pro se litigant submits a request for court-appointed counsel, the district court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2010)). "Next, the district court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own."[1] *Id*. (citing *Pruitt*, 503 F.3d at 654-55).

Here, on his completed Questionnaire, Dixie represented that he has not contacted any attorneys concerning his case. (*See* Questionnaire for Appointment of Counsel ¶ 6.) His failure

---

[1] Of course, "[t]here is no constitutional or statutory right to counsel in federal civil cases." *Romanelli*, 615 F.3d at 851 (citing *Pruitt*, 503 F.3d at 656); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). "Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Id*. (citing *Pruitt*, 503 F.3d at 654).

to satisfy this threshold requirement is fatal to his request for appointment of counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli*, 2010 WL 3155926, at *4; *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008); *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) ("In determining whether to appoint counsel for an indigent plaintiff . . ., a court must 'first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful . . . .'") (quoting *County of McLean*, 953 F.2d at 1073)).

As a result, Dixie's request for appointment of counsel (Docket # 5) is DENIED.

SO ORDERED.

Enter for this 18th day of September, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge