IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN LEE DIXIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 1:12-CV-278 |
| v. ) | |
| ) | |
| SGT. JAMES SEAY, LT. KEVIN HUNTER, ) | |
| FORT WAYNE POLICE DEPARTMENT ) | |
| UNIFORM OFFICER, and FORT WAYNE ) | |
| POLICE DEPARTMENT DETECTIVE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss *pro se* Plaintiff Kevin Lee Dixie's Complaint. (Docket # 18.) After Dixie filed a response to the motion (Docket # 35), the Court held a hearing, at which both Dixie and counsel for Defendants offered further argument on the motion (Docket # 37). On December 6, 2012, District Court Judge Jon E. DeGuilio entered an Order pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b), referring Defendants' motion to the undersigned Magistrate Judge for a Report and Recommendation.

For the following reasons, the undersigned Magistrate Judge recommends that Defendants' Motion to Dismiss (Docket # 18) be GRANTED.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2012, Kevin Lee Dixie, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 against Sergeant James Seay and Lieutenant Kevin Hunter of the Internal Affairs

1

Division of the Fort Wayne Police Department ("FWPD"), an unnamed FWPD uniform officer, and an unnamed FWPD detective. (Compl. 1-2.) Although the Complaint primarily focuses on an incident that occurred on July 30, 2012, and subsequent events arising from that incident (Compl. 1), the exact nature of Dixie's allegations were somewhat unclear from the Complaint alone. As such, after Defendants filed their motion to dismiss, the Court held a hearing on December 4, 2012, to give Dixie an opportunity to provide a full factual recitation of the events mentioned in his complaint. (Docket # 37.) At this hearing, Dixie further described, in a narrative fashion, his allegations.

According to Dixie, in the early morning hours of July 30, 2012, he was in Memorial Park in Fort Wayne collecting cans for recycling. There was someone else in the park as well, who was either a male or female. As Dixie neared this individual, a gunshot rang out, and Dixie contends that this individual shot at him. Dixie immediately called 911 to report the incident, and FWPD officers came to the scene. The officers, including an unidentified FWPD uniform officer and a detective—both listed as essentially Doe Defendants in Dixie's Complaint—interviewed both Dixie and the alleged shooter. The alleged shooter purportedly claimed that Dixie made a pass at him/her, which Dixie vehemently denies; in fact, Dixie claims he said nothing at all to this person.

During Dixie's interview, and presumably due to his prior felony conviction for sexual battery, the officers asked him why he had not registered as a sexual offender. Dixie then argued with the officers, stating that he was not required to register. In the midst of this interview, Dixie also attempted to contact the Federal Bureau of Investigation ("FBI"), but the call would not connect. Ultimately, Dixie was not arrested, and he eventually left the scene. Dixie does not

know whether the other individual was arrested. Once he left the scene, his call to the FBI finally connected, and he complained about the incident.

Sometime thereafter, Dixie also submitted a complaint to the Internal Affairs Division of the FWPD concerning the officers' investigation while at the scene on July 30, 2012. Dixie subsequently received a written response from Sgt. Seay and Lt. Hunter of the FWPD Internal Affairs Division that he found inadequate; in sum, their response was that there was insufficient evidence indicating that the officers had done anything wrong. (*See* Docket # 1.)

Dixie argues that Sgt. Seay and Lt. Hunter's Internal Affairs investigation was inadequate and speculates that the response he received from Internal Affairs was a result of past complaints he had made to Internal Affairs. As such, he is suing these two Internal Affairs officers for their inadequate investigation into his Internal Affairs complaint as well as the two unnamed officers who were present at the scene on July 30, 2012, for their inadequate investigation.[1]

Defendants moved to dismiss Dixie's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that these claims amount to only negligence, which is purely a state law claim, and that no federal laws or constitutional provisions are implicated by Dixie's allegations. (Mem. in Law in Supp. of Def.'s Mot. to Dismiss 1.) Dixie responds simply and without elaboration that the FWPD Internal Affairs

---

[1] It does not appear that Dixie is actually suing the FWPD, but to the extent he is, it is well settled that the FWPD is not a suable entity. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (articulating that Indiana municipal police departments lack the capacity to be sued); *Martin v. Teusch*, No. 1:09-CV-321 JVB, 2010 WL 1474525, at *2 (N.D. Ind. Apr. 9, 2010) (stating that "a city's police department is not a suable entity apart from the municipality"); *Vela v. Indianapolis Police Dep't*, No. 1:06-cv-1481-SEB-JMS, 2008 WL 191977, at *4 (S.D. Ind. Jan. 22, 2008) (collecting cases); *Culbreath v. Florea*, No. 3:06-CV-0749 WL, 2007 WL 433075, at *2 (N.D. Ind. Feb. 5, 2007) ("[U]nder Indiana law, a 'police department' has no separate corporate existence and is therefore not a suable entity.").

3

Division violated his civil rights and the Constitution.[2] (Pl.'s Resp. to Mot. to Dismiss 2.)

### III. STANDARD

Defendants couch their motion as a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Such a motion "should be granted if the court lacks the statutory or constitutional power to adjudicate the case." *Sumner v. Town of Converse*, No. 3:07-CV-1 RM, 2007 WL 1435535, at *1 (N.D. Ind. May 11, 2007). Dixie, however, brings his action under § 1983, which undoubtedly confers subject matter jurisdiction on this Court. *See, e.g.*, *Haywood v. Drown*, 556 U.S. 729, 731 (2009). Therefore, delving into the substance of Defendants' motion, Defendants actually argue, and did so at the hearing, that Dixie has failed to state a claim, which amounts to a motion to dismiss under Rule 12(b)(6). *See* FED. R. CIV. P. 12(b)(6); *Sumner*, 2007 WL 1435535, at *1 ("[A] motion under Rule 12(b)(6) is a challenge to the merits of the action, a determination of whether the facts alleged in the complaint state a claim upon which relief can be granted." (citation omitted)). As such, despite the label Defendants attached to their motion, the Court will consider it as a motion to dismiss under Rule 12(b)(6). *Cf. Thomas v. Cook Cnty. Sheriff*, 401 F. Supp. 2d 867, 870 n.2 (N.D. Ill. 2005) (considering a motion to dismiss improperly brought under Rule 12(b)(6) as a motion to dismiss under Rule 12(b)(1) because the latter was the more appropriate grounds for dismissal based on defendants' arguments).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). In determining the propriety of

---

[2] At the hearing, Dixie appeared to argue that Defendants' actions implicated his Fourth Amendment right to be secure in his person, house, papers, and effects against unreasonable searches and seizures. Dixie, however, was not arrested on July 30, 2012, and he makes no argument that any search or seizure even occurred on that date. As such, the Fourth Amendment does not provide a basis for a claim under § 1983.

dismissal under Rule 12(b)(6), all well-pleaded facts are accepted as true and are construed in favor of the plaintiff. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003).

To survive a motion to dismiss under Rule 12(b)(6), "[t]he factual allegations of the pleading must be enough to raise a right to relief above the speculative level; the pleading must contain enough facts to state a claim to relief that is plausible on its face." *Keten v. State Farm Fire & Cas. Co.*, No. 2:06-CV-341 JVB, 2008 WL 4449545, at *2 (N.D. Ind. Sept. 29, 2008) (citing *Killingsworth*, 507 F.3d at 618); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). That is, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

## IV.  DISCUSSION

Reviewing Dixie's allegations liberally, as the Court must do with a *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and as supplemented by his statements at the December 4, 2012, hearing, Dixie claims that the unnamed FWPD officers and the named Internal Affairs officers conducted inadequate investigations. More to the point, Dixie contends that Sgt. Seay and Lt. Hunter retaliated against him by doing nothing to the officers who failed to properly investigate the shooting on July 30, 2012, because of his prior Internal Affairs complaints, all in violation of his First Amendment rights.

But Dixie's allegations that Defendants conducted inadequate investigations—one by the unnamed FWPD uniform officer and detective at the scene on July 30, 2012, and the second by

5

Sgt. Seay and Lt. Hunter into Dixie's Internal Affairs complaint—essentially amount to claims of negligence. Indeed, Dixie expressly accuses all four Defendants of negligence in his Complaint. (*See* Compl. ¶ IV.) As courts have long recognized, however, negligence generally cannot form the basis of a § 1983 violation. *See, e.g.*, *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007) (stating that liability under § 1983 "cannot be founded on negligence"); *Pena v. Leombruni*, 200 F.3d 1031, 1033 (7th Cir. 1999) (noting that negligence is not actionable under section 1983); *Johnson-Bey v. Ind. Dep't of Corr.*, 668 F. Supp. 2d 1122, 1128 (N.D. Ind. 2009) ("Negligence generally states no claim upon which relief can be granted in a section 1983 action."); *Bd. of Educ. v. Ill. State Bd. of Educ.*, No. 85 C 8349, 1989 WL 106610, at *14 (N.D. Ill. Sept. 11, 1989) ("[I]t is well settled that negligent conduct cannot form the basis of section 1983 violations."); *see also Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) ("[I]n any given § 1983 suit, the plaintiff must still prove a violation of the underlying constitutional right; and depending on the right, merely negligent conduct may not be enough to state a claim."). Therefore, Dixie's claims that Defendants were merely negligent in their investigations do not state a claim upon which relief can be granted under § 1983.

Based on Dixie's narrative at the December 4, 2012, hearing, however, he arguably is alleging a First Amendment retaliation claim against Sgt. Seay and Lt. Hunter in conjunction with his negligent investigation claims. Essentially, and without any evidence,[3] Dixie maintains that Sgt. Seay and Lt. Hunter retaliated against him for his previous Internal Affairs complaints

---

[3] Dixie should be mindful of Federal Rule of Civil Procedure 11(b), which provides that "[b]y representing to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or *unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3) (emphasis added).

6

by failing to either investigate or discipline the officers who inadequately investigated the shooting on July 30, 2012.

To state a First Amendment retaliation claim, Dixie must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (internal quotations omitted). Dixie's claims falters, fatally so, on the second element because "[t]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, *but it does not require that a government official respond to that grievance*." *Perales v. Bowlin*, 644 F. Supp. 2d 1090, 1100 (N.D. Ind. 2009) (emphasis added) (quoting *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003)). As such, a "failure to investigate or discipline does not deprive citizens of their First Amendment rights." *Garcia v. City of Chicago*, No. 01 C 8945, 2003 WL 1715621, at *8 (N.D. Ill. Mar. 20, 2003). Nor does failing to investigate a complaint make an official liable for damages under § 1983. *Perales*, 644 F. Supp. 2d at 110 (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

Therefore, even if Sgt. Seay and Lt. Hunter failed to investigate or discipline the other officers, this did not deprive Dixie of his right to report those officers. *Garcia*, 2003 WL 1715621, at *8 (finding that the City's failure to investigate and discipline an officer was not evidence of retaliation against the plaintiff for exercising his right to report that officer). And Dixie does not allege that he suffered any constitutional deprivation beyond this failure to investigate or discipline, which, of course, is no deprivation at all. As such, Dixie has not

7

adequately pled a First Amendment retaliation claim, warranting the dismissal of this claim under Rule 12(b)(6).

Accordingly, as Dixie has failed to state a claim upon which relief can be granted, the undersigned Magistrate Judge recommends that Dixie's federal claims be dismissed with prejudice. To the extent that Dixie brings any state law claims, the undersigned Magistrate Judge recommends that the Court decline to exercise any supplemental jurisdiction under 28 U.S.C. § 1367—as all parties appear to be Indiana citizens, diversity jurisdiction is not present here—and that any state law claims be dismissed without prejudice to plaintiff refiling in a state court of competent jurisdiction. *See Ware v. Klimetz*, No. 09-c-0393, 2009 WL 1119485, at *2 (E.D. Wis. Apr. 27, 2009).

Finally, although the Court could authorize or allow Dixie to amend his Complaint, the right to amend is not absolute, *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and leave to amend can be denied, especially when, as here, it is clear from the facts articulated that any such amendment would be futile, *Rivera v. Authorhouse*, No. 3:07cv268, 2008 WL 131046, at *9 (N.D. Ind. Jan. 10, 2008) ("There is no need to grant an opportunity to amend a complaint when the amended complaint would likewise fail to state a claim for which relief could be granted."). As such, an amendment would not cure the fatal inadequacies of Dixie's Complaint, foreclosing this option.[4]

---

[4] To the extent that the Court is reconsidering Dixie's request for appointment of counsel (*see* Docket # 9 (order denying Dixie's request for appointment of counsel), 27 (letter from Dixie requesting another questionnaire for appointment of counsel), 31 (letter from Dixie regarding appointment of counsel)), it is clear that the presence of counsel would not make a difference in the outcome of the case, and thus his request is DENIED. *See, e.g.*, *Douglas v. Randolph*, No. 07-244-WDS, 2008 WL 686983, at *1 (S.D. Ill. Mar. 13, 2008) (denying request for appointment of counsel were appointed counsel would likely not alter the outcome); *McGarvey v. Borgan*, No. 04-C-269-C, 2004 WL 2053281, at *1 (W.D. Wis. Sept. 10, 2004) (same); *Porter v. Allstate Ins. Co.*, No. 04 C 591, 2004 WL 1151589, at *2 (N.D. Ill. Apr. 28, 2004) (same); *see also Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993) (framing the inquiry into appointing counsel as "given the difficulty of the case, did the plaintiff appear to be

## V. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that Defendants' Motion to Dismiss (Docket # 18) be GRANTED, with Dixie's claims under § 1983 dismissed with prejudice, and any state law claims dismissed without prejudice to re-filing in a state court of competent jurisdiction.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff and counsel for Defendants. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. FED. R. CIV. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *Egert v. Conn. Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).

SO ORDERED.

Entered this 7th day of December, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?").