UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KEVIN LEE DIXIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:12-CV-278-JD-RBC |
| | ) | |
| SGT. JAMES SEAY, LT. KEVIN HUNTER, | ) | |
| FORT WAYNE POLICE DEPARTMENT | ) | |
| UNIFORM OFFICER, and FORT WAYNE | ) | |
| POLICE DEPARTMENT DECTIVE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On August 15, 2012, Kevin Lee Dixie, proceeding *pro se*, filed a Complaint against Sergeant James Seay and Lieutenant Kevin Hunter of the Internal Affairs Division of the Fort Wayne Police Department, an unnamed uniform officer, and an unnamed detective. [DE 1 at pp. 1-2]. The action was brought under 42 U.S.C. § 1983, however, Mr. Dixie's allegations were somewhat unclear from the Complaint alone. The defendants filed a Motion to Dismiss [DE 18], and the Court held a hearing on the Motion on December 4, 2012. The Motion to Dismiss was referred to Magistrate Judge Roger B. Cosbey on December 6, 2012 for a Report and Recommendation.

## BACKGROUND

Mr. Dixie's complaint arises from a 911 call he placed on the morning of July 30, 2012, after someone at Memorial Park in Fort Wayne allegedly fired a handgun at him. DE 1-2 at 2. Officers from the Fort Wayne Police Department responded (he does not know their names), but seemed more interested in questioning Mr. Dixie about his past (including whether he was required to register as a sexual offender) than in getting to the bottom of what had happened at

1

the park. *Id.* After this incident, Mr. Dixie complained to the police department's internal affairs division—specifically to defendants Sergeant James Seay and Lieutenant Kevin Hunter—about the lack of investigation. *Id.* Both defendants "didn't investigate and make a fair decision." *Id.* He states that all the defendants were negligent, which he asserts is "any conduct that falls below the legal standard established to protect others against unreasonable risk of harm," and seeks an award of $1 million in damages. *Id.* at 3. The defendants moved to dismiss.

At the December 4 hearing, the magistrate judge discussed the case at some length with Mr. Dixie, and sought to make sense of the claims that he sought to bring. Mr. Dixie reaffirmed that his primary complaint was that the unnamed defendant officers negligently failed to investigate on July 30 after the 911 call, and that the internal affairs' officer defendants then failed to investigate the initial negligent investigation. Towards the end of the hearing, Mr. Dixie stated that he believed the failure to investigate his internal affairs' complaint was a result of several previous complaints that he had made. He provided no further information of justification for this belief, despite the magistrate judge's several attempts to solicit additional details.

On December 7, 2012, Magistrate Judge Roger B. Cosbey issued a Report and Recommendation [DE 39] that defendants' Motion to Dismiss [DE 18] be granted, with Mr. Dixie's claims under § 1983 dismissed with prejudice, and any state law claims dismissed without prejudice to re-filing in a state court of competent jurisdiction. Mr. Dixie filed a response entitled "procedural due process, substantive due process, Due Process Clause, due-process rights, Rule 72 Magistrate Judges: Pretrial Objections." [DE 53]. He did not object with specificity to any portion of the Report and Recommendation.

## STANDARD OF REVIEW

The district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Under Federal Rule of Civil Procedure 72(b)(3), the district court must undertake a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). The Seventh Circuit's "interpretation of 'specific' as used in Rule 72(b) understands the term to require a party only to specify each issue for which review is sought and not the factual or legal basis of the objection." *Johnson*, 170 F.3d at 741.

Mr. Dixie made no specific objection to any of the findings or recommendations in the report. However, given that he is preceding *pro se*, and the magistrate judge addressed only the defendants' Motion to Dismiss, this Court construes Mr. Dixie's response as an objection to the Report and Recommendation in its entirety and reviews *de novo*. *See Grigsby v. Bledsoe*, 223 Fed. Appx. 486, 488 (7th Cir. 2007) (concluding *pro se* plaintiff's one sentence objection to a one issue report and recommendation was sufficient under Rule 72(b)); *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996)(because of the limited nature of the legal question presented, *pro se* litigants' letter stating "[w]e object to the report and recommendation" satisfied Rule 72(b)).

## DISCUSSION

Turning to the merits of the underlying motion, the Court first explains the standard for considering motions to dismiss and then applies that standard to each of Mr. Dixie's claims.

*A. Motion to Dismiss Standard*

As the magistrate judge correctly noted, although the defendants' motion is styled as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Procedure 12(b)(1), their real argument is that Mr. Dixie's complaint does not state a claim upon which relief may be granted under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001); *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Mr. Dixie's complaint and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

To survive a motion to dismiss under Rule 12(b)(6), the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In other words, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also McReynolds v. Merill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2011). The Seventh Circuit has said "that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

To insure that *pro se* pleadings are given "fair and meaningful" consideration, the district court is required to "liberally construe" those pleadings. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) ("[C]ourts are supposed to analyze a litigant's claims and not just the legal theories that he propounds—especially when he is litigating pro se." (citations omitted)). In so doing, the magistrate judge identified two claims alleged by Plaintiff: (1) that the unnamed officers and the named Internal Affairs officers conducted inadequate investigations into Plaintiff's 911 call regarding "shots fired" on July 30, 2012, and (2) that Sgt. Seay and Lt. Hunter retaliated against Mr. Dixie for exercising his First Amendment rights.

### B. Inadequate Investigation

In the Seventh Circuit, an allegation of inadequate investigation is not sufficient to state a violation of a plaintiff's civil rights. *See Hanrahan v. Lane*, 747 F.2d 1137, 1142 (7th Cir. 1984); *McDonald v. State of Illinois*, 557 F.2d 596, 602 (7th Cir. 1977). Mr. Dixie also accuses all four defendants of negligence relating to the inadequate investigation of his complaints. It is well established that negligence generally cannot form the basis of a § 1983 violation. *See Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007)("[§ 1983] liability 'cannot be founded on negligence.'"); *Pena v. Leombruni*, 200 F.3d 1031, 1033 (7th Cir. 1999)("negligence . . . is not actionable under section 1983"). Mr. Dixie's claims that Defendants inadequately investigated his complaints, or that Defendants were merely negligent in their investigations do not state any claims upon which relief can be granted under § 1983.

### C. First Amendment Retaliation

To prevail on a § 1983 First Amendment retaliation claim, Mr. Dixie must "prove that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) a causal connection between the two." *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (internal quotations omitted).

He met the first element when he complained of Sgt. Seay and Lt. Hunter's failure to investigate his claim about "shots fired" or discipline the other officers who responded to the 911 call. With regard to the second element, the magistrate judge noted that "Dixie does not allege that he suffered any constitutional deprivation beyond this failure to investigate or discipline." DE 38 at 7. It is, as already noted, quite true that the mere failure to investigate is not a constitutional violation. However, a deprivation need not itself be a constitutional violation—for example, public employment is not itself a constitutional right, but retaliation cases involving termination because of protected speech are not uncommon. *See, e.g.*, *Massey v. Johnson*, 457 F.3d 711 (7th Cir. 2006). The question is instead whether the deprivation would likely deter First Amendment activity in the future, and it seems quite plausible that the prospect of a police department's refusal to investigate future complaints might well deter individuals from exercising their right to complain about police behavior, or criminal conduct.

Nevertheless, Mr. Dixie's retaliation claim fails at the third step because his allegation of a causal link is entirely speculative. The Court has reviewed Mr. Dixie's filings and listened to the narrative that he gave during the December 4, 2012, hearing before the magistrate judge. Nothing indicates that Mr. Dixie has any basis for his belief that the Internal Affairs Division of the Fort Wayne Police Department refuses to investigate his complaints because he has complained often in the past. Such speculative allegations do not state a cause of relief upon which relief may be granted. *See Twombly,* 550 U.S. at 555.

## CONCLUSION

Having reviewed the Report and Recommendation *de novo*, this Court **ADOPTS** the Report and Recommendation [DE 39] and incorporates Magistrate Judge Roger B. Cosbey's findings and recommendations into this order to the extent consistent with the Court's reasoning.

Accordingly, the Court now **GRANTS** Defendants' Motion to Dismiss [DE 18] and **DISMISSES WITH PREJUDICE** Plaintiff's claims under § 1983 and **DISMISSES WITHOUT PREJUDICE** to re-filing in a state court of competent jurisdiction any state law claims.

SO ORDERED.

ENTERED: May 14, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court